■ LATIN QUARTER CAFE, INC., Respondent, v. AMERICAN GUILD OF VARIETY ARTISTS et al., Appellants. — Order, entered February 24, 1969, unanimously reversed and vacated, on the law, with $30 costs and disbursements to defendants-appellants, motion for temporary injunction denied, and defendants' cross motion to dismiss complaint granted. The complaint, in an action by restaurant and nightclub owner-operator seeking injunctive relief in connection with a strike and picketing of its premises, fails to state a cause of action subject to the jurisdiction of the Supreme Court. The plaintiff has heretofore filed unfair labor practice charges against the defendant, American Guild of Variety Artists, and its representatives, with the National Labor Relations Board, charging that the union has coerced and restrained plaintiff's employees, that it has caused or attempted to cause the plaintiff to discriminate against its employees, and that the union has refused to bargain with the plaintiff. The union has also invoked the jurisdiction of the board by charging the plaintiff with unfair labor practices. Thus, inasmuch as the subject matter of this action involves a labor dispute which is the subject of charges pending before the NLRB, exclusive primary jurisdiction over the matters in controversy belongs to the board. This court is preempted from jurisdiction. (See *Dooley* v. *Anton*, 8 N Y 2d 91; *San Diego Unions* v. *Garmon*, 359 U. S. 236; *Vaca* v. *Sipes*, 386 U. S. 171.) Furthermore, under the circumstances, jurisdiction may not be assumed by this court on the theory

that the strike and picketing has induced certain variety entertainers to breach their individual employment contracts with plaintiff; and we find that there is no merit to plaintiff's contention that such contracts should be regarded as "specialized and unique collective agreements." Concur — Stevens, P. J., Eager, Tilzer, McGivern and Steuer, JJ.